# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Wonderland Switzerland AG, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 0:19-cv-2475-JMC |
| v. | ) |
| Britax Child Safety, Inc. | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

Plaintiff Wonderland Switzerland AG ("Wonderland"), by way of Complaint against Defendant Britax Child Safety, Inc. ("Britax"), states as follows:

### NATURE OF THE ACTION, JURISDICTION, AND VENUE

1. This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271, which arises at least from Britax's manufacture, use, importation, sale, and/or offer for sale of certain products that infringe U.S. Patent Nos. 8,123,295 ("the '295 patent") and 7,537,093 ("the '093 patent"). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Britax because, on information and belief, it is a resident of this judicial district. It also has a regular and established place of business in this district and has committed acts of infringement in this district by making, using, offering to sell, and/or selling products that infringe the '295 and '093 patents.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and/or (c), and 28 U.S.C. § 1400(b), because Britax is subject to this Court's personal jurisdiction.

## THE PARTIES

4. Wonderland is a corporation limited by share ownership (AG) duly organized and existing under the laws of Switzerland, having its place of business at Beim Bahnhof 5, 6312 Steinhausen, Switzerland.

5. Wonderland is the owner of all rights, title, and interest in the '295 and '093 patents and holds the right to sue and recover damages for infringement thereof, including current and past infringement.

6. On information and belief, Britax is a corporation organized and existing under the laws of South Carolina, having its principal place of business at 4140 Pleasant Road, Fort Mill, SC 29708.

## FACTUAL BACKGROUND

7. The Wonderland family of companies has been leading innovation in the juvenile products industry for over 30 years. Wonderland companies design, manufacture, and sell an assortment of products for children of all ages to keep children safe, including state-of-the-art child car seats, strollers, play yards, rockers, and high chairs. Wonderland companies' innovations have resulted in over 450 patents in the U.S., and nearly 2500 patents worldwide.

8. Child car seats protect children during a car accident, but children quickly outgrow anything parents buy for them, including car seats. To extend the longevity and usefulness of a car safety seat, it is beneficial for a child seat to be adjustable between a rear-facing configuration (which may be appropriate for children younger than two years old) and a forward-facing configuration (which can be suitable for older children). The ability to adjust the seat's recline angle while also locking it securely into its appropriate position is important for several reasons, including allowing the child to breathe properly in both the front and rear orientation while still

2

keeping the child correctly positioned in the event of a crash, as well as for providing a comfortable ride for the child.

9. Wonderland owns the '295 patent, entitled "Car Seat Recline Mechanism with Double Acting Actuator" (attached as Exhibit A), a patent duly and properly issued by the U.S. Patent and Trademark Office on February 28, 2012. The '295 patent discloses and claims a recline mechanism for a child car safety seat that includes a recline actuator (i.e., recline lever) allowing a user to change the child seat's angle of recline. The recline mechanism includes a double pivot configuration that transfers an upward motion on the recline actuator into an upward release movement of a recline tube locking the seat into position in a recline rack. This design provides numerous benefits over previous mechanisms, including limiting the user's need to reinstall the car seat just to adjust the seat's recline angle, improved ergonomics, and enhanced ease of use.

10. Wonderland also owns the '093 patent, entitled "Brake Device for Pushcart" (attached as Exhibit B), a patent duly and properly issued by the U.S. Patent and Trademark Office on May 26, 2009. The '093 patent discloses and claims an improved brake for a stroller. The improved design of the '093 patent's brake provides a brake lever that can be rotated downward to activate the wheel brake, lifted without disengaging the brake by an embedded spring, and then subsequently rotated downward again to disengage the brake. Thus, for a brake lever located near the stroller's wheel, this allows a user to engage and disengage the brake in a toggle fashion using the same downward motion (such as from the user's foot), rather than requiring the user to awkwardly lift up the lever with the user's foot or to reach down to disengage the brake by lifting the lever.

11. Upon information and belief, Britax manufactures and sells car safety seats and infant strollers that directly compete with products made by Wonderland and/or its subsidiaries

and affiliates by infringing Wonderland's patents. During the term of the '295 patent, Britax has manufactured, offered for sale, sold, imported, and/or used products embodying the patented inventions of the '295 patent, such as its Marathon ClickTight Convertible Car Seat, Marathon ClickTight ARB Convertible Car Seat, Boulevard ClickTight Convertible Car Seat, Boulevard ClickTight ARB Convertible Car Seat, Advocate ClickTight Convertible Car Seat, and Advocate ClickTight ARB Convertible Car Seat. Britax has also engaged in other activities infringing the '295 patent.

12. During the term of the '093 patent, Britax has manufactured, offered for sale, sold, imported, and/or used products embodying the patented inventions of the '093 patent, including its B-Ready strollers (including the B-Ready, B-Ready G2, B-Ready G3, and B-Ready Double variants). Britax has also engaged in other activities infringing the '093 patent.

13. Upon information and belief, as an example of Britax's infringing activities, Britax has offered for sale and sold its Marathon ClickTight Convertible Car Seat, Marathon ClickTight ARB Convertible Car Seat, Boulevard ClickTight Convertible Car Seat, Boulevard ClickTight ARB Convertible Car Seat, Advocate ClickTight Convertible Car Seat, Advocate ClickTight ARB Convertible Car Seat, and B-Ready stroller (including the B-Ready, B-Ready G2, B-Ready G3, and B-Ready Double variants) directly to customers in the United States through its website, http://us.britax.com.

14. In addition, upon information and belief, Britax offers for sale and sells the above-noted products through established retail stores and distributors located throughout the United States, including in the state of South Carolina.

15. Britax's acts have been without license or authority of Wonderland.

**COUNT I**
**Infringement of the ’295 patent by Britax**

16. Plaintiff incorporates the allegations of paragraphs 1-15 of this Complaint as if fully restated.

17. This claim arises under 35 U.S.C. §§ 101 et seq. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

18. Britax’s acts constitute infringement of the ’295 patent, including at least claim 1, under 35 U.S.C. § 271. Britax has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the ’295 patent, by, without authority from Wonderland, making, using, importing, selling, and/or offering for sale child car seats in the District of South Carolina and elsewhere in the United States, that include all the limitations of one or more of the claims of the ’295 patent. These products include Britax’s Marathon ClickTight Convertible Car Seat, Marathon ClickTight ARB Convertible Car Seat, Boulevard ClickTight Convertible Car Seat, Boulevard ClickTight ARB Convertible Car Seat, Advocate ClickTight Convertible Car Seat, and Advocate ClickTight ARB Convertible Car Seat.

19. Britax has had knowledge of the ’295 patent since, at least, the filing and/or service of the Complaint in this action.

20. Britax’s acts of infringement have caused damage to Wonderland, and Wonderland is entitled to recover damages in an amount subject to proof at trial. Wonderland has been, and continues to be, damaged and irreparably harmed by Britax’s infringement, which will continue unless Britax is enjoined by this Court.

21. Wonderland’s current infringement positions are based upon reasonable information and belief. Wonderland anticipates collecting additional evidentiary support through

the discovery process. As such, Wonderland reserves the right to assert any claims of the '295 patent against any additional infringing product identified during the discovery process.

23. As an example of Britax's infringing actions, its Marathon ClickTight car seat infringes at least claim 1 of the '295 patent, which recites:

> 1. A recline adjustment mechanism for use on a child's car seat having a car seat member supported on a base member for selective positional movement relative to the base member through a plurality of recline angles, comprising:
>
> a control rack having a plurality of notches therein corresponding to said plurality of recline angles; and
>
> a recline latch mechanism selectively engaging said control rack to lock said car seat member into a selected recline angle, said recline latch mechanism including:
>
> a first link member having first and second ends and being pivotally supportable on said car seat member by a first pivot positioned intermediate said first and second ends of said first link member, said first link member being movable between a home position and a release position; and
>
> a second link member having a proximal end and a distal end and being pivotally supportable on said car seat member by a second pivot positioned intermediate said proximal and distal ends, said second link member being movably connected to said second end of said first link member at said proximal end thereof and connecting a recline lock at said distal end thereof, said recline lock being engagable with said control rack to fix said car seat member at a selected recline angle.

23. Comparing Britax's Marathon ClickTight to claim 1 of the '295 patent, for example, the mechanism attached to the red recline adjustment handle of the ClickTight (identified as element 22 in the picture below, which is an excerpt from page 2 of the Marathon ClickTight User Guide[1]) practices every feature of at least claim 1 of the '295 patent.

---

[1] Available at: https://us.britax.com/media/13017020/p03810200a_user-guide-marathon-ct-us_web.pdf.



24.     User operation of the recline adjustment handle is shown in the figure below, which is an excerpt from page 25 of the Marathon ClickTight User Guide.



7

## COUNT II
### Infringement of the '093 patent by Britax

25. Plaintiff incorporates the allegations of paragraphs 1-24 of this Complaint as if fully restated.

26. This claim arises under 35 U.S.C. §§ 101 et seq. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

27. Britax's acts constitute infringement of the '093 patent, including at least claim 1, under 35 U.S.C. § 271. Britax has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '093 patent, by, without authority from Wonderland, making, using, importing, selling, and/or offering for sale infant strollers in the District of South Carolina and elsewhere in the United States, that include all the limitations of one or more of the claims of the '093 patent. These products include Britax's B-Ready strollers (including the B-Ready, B-Ready G2, B-Ready G3, and B-Ready Double variants).

28. Britax has had knowledge of the '093 patent since, at least, the filing and/or service of the Complaint in this action.

29. Britax's acts of infringement have caused damage to Wonderland, and Wonderland is entitled to recover damages in an amount subject to proof at trial. Wonderland has been, and continues to be, damaged and irreparably harmed by Britax's infringement, which will continue unless Britax is enjoined by this Court.

30. Wonderland's current infringement positions are based upon reasonable information and belief. Wonderland anticipates collecting additional evidentiary support through the discovery process. As such, Wonderland reserves the right to assert any claims of the '093 patent against any additional infringing product identified during the discovery process.

31. Britax's B-Ready G3 stroller infringes at least claim 1 of the '093 patent, which recites:

> 1. A brake device for a pushcart, the pushcart having a cart frame and a first wheel disposed rotatably on the cart frame, said brake device comprising a main braking mechanism that includes:
>
> a pin-engaging member adapted to be connected fixedly to the first wheel and having a plurality of angularly equidistant grooves;
>
> a base adapted to be disposed fixedly on the cart frame;
>
> a rotary lever disposed pivotally on said base and rotatable on said base between first and second positions, said rotary lever being biased to said first position and being operable to rotate from said first position to said second position, said rotary lever including a hollow shaft body that is journalled on said base and that has an annular inner surface;
>
> a cam member disposed rotatably within said shaft body of said rotary lever, said cam member being formed with a cam surface that has a convex portion and a concave portion, said convex portion being disposed nearer to said pin-engaging member than said concave portion; and
>
> a braking pin disposed movably on said base and biased to contact said cam surface of said cam member, said braking pin being movable on said base between a braking position, where said braking pin contacts said convex portion of said cam surface of said cam member and where said braking pin engages one of said grooves in said pin-engaging member, and a release position, where said braking pin contacts said concave portion of said cam surface of said cam member and where said braking pin is removed from said grooves in said pin-engaging member, rotation of said rotary lever from said first position to said second position resulting in movement of said braking pin from one of said convex portion and said concave portion of said cam surface of said cam member onto the other one of said convex portion and said concave portion of said cam surface of said cam member.

32. The parking brake on the B-Ready G3, for example, practices every feature of at least claim 1 of the '093 patent. This parking brake is shown (partially obscured) in the picture below from page 13 of the B-Ready Stroller User Guide[2].

---

[2] Available at: https://us.britax.com/media/13018116/p09576900a_user-guide-b-ready-2018_web.pdf.



33.     Page 13 of the B-Ready Stroller User Guide provides the following explanation of how to operate the parking brake, including that the same downward motion may be used to both activate and deactivate the brake:

### Using the Parking Brake

1. To engage, step on the brake pedal until the indicator window changes to red.

   **NOTE:** Pressing the brake locks both back wheels.

   **NOTE:** After setting the brake, check that the brake is set properly by attempting to roll the stroller forward and backward. If the stroller will not roll, the brake is set properly.

2. To disengage, step on the brake pedal until the indicator window changes to green.

**DEMAND FOR TRIAL BY JURY**

34. Wonderland hereby demands a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Wonderland respectfully requests the Court to enter judgment in its favor and against Defendant Britax holding that:

1) Britax has infringed the '295 and '093 patents;

2) Wonderland be awarded damages in an amount to be determined at trial as provided under 35 U.S.C. § 284, including reasonable royalty and/or lost profit-based damages adequate to compensate it for Britax's infringement of the '295 and '093 patents;

3) Britax, its officers, agents, employees, and those persons in active concert or participation with it or any of them, and its successors and assigns, be permanently enjoined from continued infringement of the '295 and '093 patents, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products that infringe the '295 and '093 patents;

4) Wonderland be awarded prejudgment interest under 35 U.S.C. § 284;

5) An order that this case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Wonderland be awarded its expenses of litigation, including reasonable attorneys' fees; and

6) Wonderland be awarded such other and further relief as this Court deems just and proper.

Dated: August 30, 2019                              Respectfully submitted,

                                        s/ *Jason A. Pittman*
                                        Tim F. Williams (Fed. Id. 6276)
                                        Jason A. Pittman (Fed. Id. 10270)
                                        DORITY & MANNING, P.A.
                                        P.O. Box 1449
                                        Greenville, S.C. 29602-1449
                                        Tel: 864-271-1592
                                        Fax: 864-233-7342
                                        timw@dority-manning.com
                                        jpittman@dority-manning.com

                                        Frank A. DeCosta, III (pro hac vice forthcoming)
                                        Aaron L. Parker (pro hac vice forthcoming)
                                        Daniel F. Klodowski (pro hac vice forthcoming)
                                        FINNEGAN, HENDERSON, FARABOW,
                                             GARRETT & DUNNER, LLP
                                        901 New York Ave., NW
                                        Washington, DC 20001
                                        Tel.: (202) 408-4000
                                        Fax: (202) 408-4400

                                        Gary C. Ma (pro hac vice forthcoming)
                                        FINNEGAN, HENDERSON, FARABOW,
                                           GARRETT & DUNNER, LLP
                                        Hung Kuo Building
                                        12D, 167 DunHua North Road
                                        Taipei, Taiwan 105
                                        Tel.: +886 2 2712 7001 ext. 102
                                        Fax: (202) 408-4400

                                        *Attorneys for Plaintiff Wonderland Switzerland AG*