UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Wonderland Switzerland AG,

    Plaintiff,

v.

Britax Child Safety, Inc.,

    Defendant.

Case No. 0:19-cv-2475-JMC

**Jury Trial Demanded**

### BRITAX'S ANSWER AND COUNTERCLAIMS TO WONDERLAND'S COMPLAINT

Defendant Britax Child Safety, Inc. ("Britax") files its answer to Plaintiff Wonderland Switzerland AG's ("Wonderland") Complaint (D.I. 1) as follows:

### NATURE OF ACTION, JURISDICTION, AND VENUE

1. Britax admits that this is a civil action for patent infringement and that this Court has subject matter jurisdiction. Except as expressly admitted, any factual allegations of this paragraph are denied.

2. Britax admits that it has a regular and established place of business in this judicial district. Except as expressly admitted, any factual allegations of this paragraph are denied.

3. Britax admits that venue is proper in this district. Except as expressly admitted, any factual allegations of this paragraph are denied.

### THE PARTIES

4. Britax lacks sufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies them.

1

5. Britax lacks sufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies them.

6. Admitted.

## FACTUAL BACKGROUND

7. Britax lacks sufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies them.

8. Britax lacks sufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies them.

9. Britax lacks sufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies them.

10. Britax lacks sufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies them.

11. Denied.

12. Denied.

13. Denied.

14. Admitted.

15. Britax admits it does not have any patent license from Wonderland. Except as expressly admitted, any factual allegations of this paragraph are denied.

## COUNT I

### Infringement of the '295 patent by Britax

16. Britax incorporates the response for paragraphs 1-15 of this answer as if fully restated.

17. Admitted.

18. Denied.

19. Britax admits that it has had knowledge of the '295 patent since Britax was served with the complaint in this action. Britax denies the remaining allegations of this paragraph.

20. Denied.

21. Britax lacks sufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies them.

22. Britax admits that claim 1 of the '295 patent recites those words. Except as expressly admitted, any factual allegations of this paragraph are denied.

23. Denied.

24. Britax admits that the figure in this paragraph appears in the Marathon ClickTight User Guide. Except as expressly admitted, any factual allegations of this paragraph are denied.

## COUNT II

### Infringement of the '093 patent by Britax

25. Britax incorporates the response for paragraphs 1-24 of this answer as if fully restated.

26. Admitted.

27. Denied.

28. Britax admits that it has had knowledge of the '093 patent since Britax was served with the complaint in this action. Britax denies the remaining allegations of this paragraph.

29. Denied.

30. Britax lacks sufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies them.

31. Britax admits that claim 1 of the '093 patent recites those words. Except as expressly admitted, any factual allegations of this paragraph are denied.

32. Denied.

33. Britax admits that page 13 of the B-Ready Stroller User Guide contains those words. Except as expressly admitted, any factual allegations of this paragraph are denied.

## DEMAND FOR TRIAL BY JURY

34. Britax requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Britax denies that Plaintiff is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses described below, Britax specifically reserves all rights to allege additional affirmative defense that become known throughout the course of discovery.

## FIRST DEFENSE

### (Failure to State a Claim for Relief)

35. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Non-infringement)

36. Britax does not infringe and has not infringed any valid and enforceable claim of the '295 patent, either literally or under the doctrine of equivalents.

37. Britax does not infringe and has not infringed any valid and enforceable claim of the '093 patent, either literally or under the doctrine of equivalents.

4

## THIRD DEFENSE

### (Invalidity)

38.     The claims of the '295 patent are invalid and/or unenforceable for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, including, but not limited to, sections 102, 103, and 112, of Title 35 of the United States Code.

39.     The claims of the '093 patent are invalid and/or unenforceable for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, including, but not limited to, sections 102, 103, and 112, of Title 35 of the United States Code.

## FOURTH DEFENSE

### (Limitation on Damages)

40.     Plaintiff's claims of infringement and/or claims for relief against Britax are barred or limited in whole or in part under Sections 289, 287, and/or 288 of Title 35 of the United States Code.

## FIFTH DEFENSE

### (Patent Exhaustion and/or License)

41.     On information and belief, Britax alleges that Plaintiff's claims for relief are barred, in whole or in part, as a result of patent exhaustion and/or a license to the '295 patent and/or '093 patent.

## SIXTH DEFENSE

### (Prosecution History Estoppel)

42.     As a result of proceedings before the United States Patent and Trademark Office during the prosecution of the applications leading to the '295 patent and/or '093 patent, and/or related patent applications, including the admissions, representations, and amendments made on

behalf of the applicant, Plaintiff is estopped from asserting any construction of the claims of the '295 patent and/or '093 patent to cover any activity engaged in or product used or sold by Britax.

## SEVENTH DEFENSE

### (Doctrine of Equivalents)

43. Plaintiff is estopped from applying the doctrine of equivalents to the claims of the '295 patent and/or '093 patent in light of arguments and amendments that were made to the United States Patent and Trademark Office during the prosecution of the '295 patent and/or '093 patent.

## COUNTERCLAIMS

Britax incorporates herein by reference the admissions, allegations, denials, and Affirmative Defenses contained in its Answer above as if fully set forth herein. For its Counterclaims against Plaintiffs and upon information and belief, Britax states as follows:

## NATURE OF THE ACTION

1. Defendant Britax Child Safety, Inc. ("Britax") is a corporation organized and existing under the laws of South Carolina, having its principal place of business at 4140 Pleasant Road, Fort Mill, SC 29708.

2. According to the Complaint, Plaintiff Wonderland Switzerland AG ("Wonderland") is a corporation limited by share ownership (AG) duly organized and existing under the laws of Switzerland, having its place of business at Beim Bahnhof 5, 6312 Steinhausen, Switzerland.

3. According to the Complaint, Wonderland claims to be the owner of the '295 patent and/or '093 patent.

4. Wonderland has sued Britax, asserting that each claim of the '295 patent and '093 patent is valid.

5. There is an actual case or controversy between the parties over whether the accused Britax products have infringed any valid and enforceable claim of the '295 patent and the '093 patent.

## JURISDICTION AND VENUE

6. This Court has exclusive subject-matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and the patent laws of the United States.

7. Wonderland has subjected itself to the personal jurisdiction of this Court by maintaining its lawsuit against Britax in this District.

8. Venue is proper in this District for these Counterclaims pursuant to 28 U.S.C. § 1391(b)-(c).

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of U.S. Patent No 8,123,295)**

9. Britax restates and incorporates by reference the admissions, allegations, denials and Affirmative Defenses contained in its Answer above as if fully set forth herein. Britax further restates and incorporates by reference its allegations in paragraphs 1 through 8 of its Counterclaims.

10. Wonderland has accused Britax's Marathon ClickTight Convertible Car Seat, Marathon ClickTight ARB Convertible Car Seat, Boulevard ClickTight Convertible Car Seat, Boulevard ClickTight ARB Convertible Car Seat, Advocate ClickTight Convertible Car Seat, and Advocate ClickTight ARB Convertible Car Seat (collectively the "'295 Noninfringing Products") of infringing the '295 patent.

11.     Each of the '295 Noninfringing Products fails to practice each and every element of any valid and enforceable claim of the '295 patent, either literally or under the doctrine of equivalents.

12.     To resolve the legal and factual questions raised by Wonderland and to afford Britax relief from the uncertainty and controversy that Wonderland's allegations have created, Britax is entitled to a declaratory judgment that the '295 Noninfringing Products have not infringed and are not infringing any valid, enforceable claim of the '295 patent.

## COUNT TWO

### (Declaratory Judgment of Non-Infringement of U.S. Patent No 7,537,093)

13.     Britax restates and incorporates by reference the admissions, allegations, denials and Affirmative Defenses contained in its Answer above as if fully set forth herein. Britax further restates and incorporates by reference its allegations in paragraphs 1 through 12 of its Counterclaims.

14.     Wonderland has accused Britax's B-Ready strollers (including the B-Ready, B-Ready G2, B-Ready G3, and B-Ready Double variants) (collectively the "'093 Noninfringing Products") of infringing the '093 patent.

15.     Each of the '093 Noninfringing Products fails to practice each and every element of any valid and enforceable claim of the '093 patent, either literally or under the doctrine of equivalents.

16.     To resolve the legal and factual questions raised by Wonderland and to afford Britax relief from the uncertainty and controversy that Wonderland's allegations have created, Britax is entitled to a declaratory judgment that the '093 Noninfringing Products have not infringed and are not infringing any valid, enforceable claim of the '093 patent.

## COUNT THREE

**(Declaratory Judgment of Invalidity of U.S. Patent No 8,123,295)**

17.     Britax restates and incorporates by reference the admissions, allegations, denials and Affirmative Defenses contained in its Answer above as if fully set forth herein. Britax further restates and incorporates by reference its allegations in paragraphs 1 through 16 of its Counterclaims.

18.     The claims of the '295 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§ 100 *et. seq.*, including, but not limited to, §§ 102, 103, and 112.

19.     An actual and justiciable controversy exists between Britax and Wonderland as to whether the claims of the '295 patent are invalid.

20.     To resolve Wonderland's continuing allegations of infringement and to afford Britax relief from the uncertainty and controversy caused by Wonderland's allegations of infringement, Britax is entitled to a declaratory judgment that the claims of the '295 patent are invalid.

## COUNT FOUR

**(Declaratory Judgment of Invalidity of U.S. Patent No 7,537,093)**

21.     Britax restates and incorporates by reference the admissions, allegations, denials and Affirmative Defenses contained in its Answer above as if fully set forth herein. Britax further restates and incorporates by reference its allegations in paragraphs 1 through 20 of its Counterclaims.

22.     The claims of the '093 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§ 100 *et. seq.*, including, but not limited to, §§ 102, 103, and 112.

23. An actual and justiciable controversy exists between Britax and Wonderland as to whether the claims of the '093 patent are invalid.

24. To resolve Wonderland's continuing allegations of infringement and to afford Britax relief from the uncertainty and controversy caused by Wonderland's allegations of infringement, Britax is entitled to a declaratory judgment that the claims of the '093 patent are invalid.

## DEMAND FOR TRIAL BY JURY

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Britax respectfully demands a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Britax prays for judgment as follows:

A. A judgment dismissing Wonderland's Complaint against Britax with prejudice for failing to state a claim for which relief may be granted;

B. A judgment in favor of Britax on all of Britax's Counterclaims;

C. A declaration that Britax has not infringed any valid and enforceable claim of the '295 and '093 patents;

D. An award to Britax of all costs, attorneys' fees, and expenses incurred in support of Britax's defense of this action pursuant to 35 U.S.C. § 285; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated:  October 15, 2019                                    **K&L GATES LLP**

                                                                                s/ Christopher A. Jaros
                                                                                 Christopher A. Jaros
                                                                                 Tara C. Sullivan
                                                                                 134 Meeting Street
                                                                                 Suite 500
                                                                                 Charleston, SC 29401
                                                                                Phone: 843.579.5600
                                                                                christopher.jaros@klgates.com
                                                                                tara.sullivan@klgates.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 15th day of October 2019, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing and make same available to all attorneys of record.

                 s/ Christopher A. Jaros
                 Christopher A. Jaros