# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Wonderland Switzerland AG, | ) |
| Plaintiff, | ) Civil Action No. 0:19-cv-02475-JMC |
| v. | ) **ORDER** |
| Britax Child Safety, Inc., | ) |
| Defendant. | ) |

The matter before the court is the parties' Joint Motion for Confidentiality (ECF No. 46), whereby the parties have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order. Accordingly, the court **GRANTS** the parties' Joint Motion for Confidentiality (ECF No. 46).

1. **Scope.** All documents and other materials produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation

as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A, which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential.

    a. "CONFIDENTIAL" is a designation that may be applied to any non-public information or item in any document, deposition testimony, or other information or thing given by or on behalf of a Party or Non-party, including information concerning a Person's business operations, processes, and technical and development information, the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to another Person or to a Court.

    b. "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" is a designation for information that is (1) current or future business or technical trade secrets or (2) other highly sensitive, confidential, non-public information

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

(including, without limitation, highly sensitive design, development or manufacturing information; highly sensitive business planning, strategy or marketing information; or highly sensitive financial information such as financial statements), the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to another Person or to a Court.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below and the subsequent paragraph, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), with the exception of persons described in subparagraphs (1) and (4), that he or she has read and understands the terms of this Order and is bound by it. Prior to a party sharing any

documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the terms of this Order to a person or entity described in subparagraph (5), the party must identify those individuals to the other party and must not share any designated materials with the identified person or entity until seven (7) days after identification or sooner, if the opposing party indicates before the seven (7) day period that it has no objection. If the opposing party has any objection to the identified person or entity receiving designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the terms of this Order, then the opposing party must notify the party in writing within seven (7) days of the identification. If such an objection is made, the parties will meet and confer in an attempt to resolve the objection. If an agreement is not made and the party still desires to have the identified person or entity receive designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the terms of this Order, then the party may seek the court's involvement and shall not share designated materials with that person or entity until and unless the court overrules the opposing party's objection. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

> (1) a party's outside counsel of record, including outside counsel's paralegals, secretarial and clerical personnel assisting such outside counsel (including vendors that provide photocopying, document processing and review, translation, graphics, or other similar support services to assist outside counsel);
>
> (2) a party's in-house counsel;

(3) parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

(4) members of the court and court personnel, court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(5) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(6) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Protected Information designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information to any Person other than those identified in paragraph 5(b)(1), (4), and (5).

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto. Counsel shall retain the certification together with the form signed by the party or employee.

originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY". All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

7. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY designation is subject to challenge. The following procedures shall apply to any such challenge.

    a. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

    b. A party who contends that documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

    c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

        (1) the party who claims that the documents are confidential withdraws such designation in writing;

(2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or

(3) the court rules that the documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶ 5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY so long as that

work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10. **Prosecution/Acquisition Bar.** Any attorney representing a party or its affiliate, whether in-house or outside counsel, and any person associated with a party or its affiliate and permitted under this Agreement to receive the other party's Confidential material that is designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, who reviews, obtains, or receives materials designated by the other party as HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application -pertaining to the field of the invention of the patents-in-suit on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two years after its conclusion, including any appeals. However, nothing in this Order precludes any attorney representing Plaintiff or Defendant, whether in-house or outside counsel, and any person associated with each party and permitted to receive the other party's Confidential material that is designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY from participating in inter partes review proceedings, re-examinations, interference proceedings, or covered business method reviews before the USPTO, provided that any person who reviews, obtains, or receives the contents of materials designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY produced by another party, does not advise, consult, or participate in the preparation or prosecution of any patent application, including the drafting of amended or substitute claims in the proceeding. To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall"

between those persons with access to the other party's materials designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit; or advise, consult, or participate in the drafting or amending of claims or argue for the patentability of amended or newly drafted substitute claims in a USPTO Proceeding, it being understood that counsel participating in the prosecution of a USPTO proceeding may continue to participate in the USPTO even after any action is taken to advise, consult, or participate in the drafting or amending of claims or argue for the patentability of amended or newly drafted substitute claims, provided that one or more other attorneys, who had not had access to the other party's materials designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY shall be solely responsible for advising, consulting, or participating in the drafting or amending of claims or argue for the patentability of amended or newly drafted substitute claims, limited to the field of the invention. This provision shall not bar entire firms, rather only the individuals who actually receive and review a party's materials designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

    11.    **Expert Reports.**  Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), no draft expert reports, notes, outlines, or disclosures leading up to a final expert report are discoverable in any form. In addition, where a party retains independent consultants or experts to further technical or consulting services or to give testimony with respect to the subject matter of this action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product, or other privilege) and thus are not discoverable:

a. Correspondence between such independent consultants or experts and a party or its outside counsel;

b. Drafts of expert reports, declarations, or any other materials drafted by or for such independent consultants or experts regarding the subject matter of this action; and

c. Communications between such independent consultants and experts and a party or its outside counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such independent consultants or experts, or that are related to preparation to testify at a hearing, trial, or deposition in this action.

Such protections provided herein are to be construed to be in addition to, and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)-(4). Nothing herein, however, limits the rights of parties to examine an expert or consultant concerning the information he or she relied upon in forming his or her opinions, which information shall not be privileged.

12. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal

Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

*J. Michelle Childs*
United States District Judge

January 29, 2020
Columbia, South Carolina