**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Wonderland Switzerland AG, | ) | |
| | ) | Civil Action No.: 0:19-cv-02475-JMC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Britax Child Safety, Inc., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff Wonderland Switzerland AG's ("Plaintiff")

Motion to Compel (ECF No. 58) pursuant to Federal Rule of Civil Procedure 37(a) and Local Civil

Rule 37.01. Plaintiff claims that Defendant Britax Child Safety, Inc. ("Defendant") provided

deficient initial and supplemental responses to Plaintiff's first set of interrogatories and moves to

compel Defendant to provide sufficient answers. (ECF No. 58 at 1.) For the reasons set forth

below, the court **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Compel (ECF No.

58).

## I.    RELEVANT BACKGROUND

Plaintiff filed its first Complaint (ECF No. 1) on August 30, 2019, claiming that Defendant

infringed U.S. Patent Nos. 8,123,295 ("'295 patent") and 7,537,093 ("'093 patent"). (ECF No. 1

at 1.) It subsequently filed an Amended Complaint (ECF No. 32) on November 1, 2019, adding a

claim for infringement of U.S. Patent No. 8,123,294 ("'294 patent"). (ECF No. 32 at 1.) In

response to Plaintiff's Amended Complaint, Defendant asserted six declaratory judgment

counterclaims for patent non-infringement and invalidity. (ECF No. 35 at 11-15.)

1

Plaintiff served its first set of interrogatories (Nos. 1-14) on February 12, 2020. (ECF No. 59.) Defendant then served its initial responses and objections on March 13, 2020. (ECF No. 59-1.) On March 24, 2020, the parties engaged in a meet and confer to discuss several discovery issues, including Defendant's interrogatory responses. (ECF Nos. 58 at 1, 59-3 at 2, 62-1 at 3.) During the meet and confer, Defendant agreed to supplement several of its interrogatory responses by April 15, 2020. (ECF No. 59-3 at 2-3.)

Local Civil Rule 37.01 requires motions to compel discovery to be filed within twenty-one (21) days of receipt of the disputed discovery. Local Civ. Rule 37.01(a) (D.S.C.). However, it allows parties "actively engaged in attempts to resolve the discovery dispute" to extend the due date for a motion compel "so long as the extension does not place the due date beyond thirty (30) days before the deadline for completion of discovery as set by the scheduling order." *Id.* Based on this rule, Plaintiff proposed after the meet and confer that the deadline for filing a motion to compel related to Defendant's interrogatory responses be extended to May 6, 2020, twenty-one (21) days after the deadline for Defendant's first supplemental responses. (ECF No. 59-2 at 2.) Defendant agreed to the extension on March 27, 2020. (ECF No. 59-3 at 3.)

Although Defendant agreed to supplement its interrogatory responses by April 15, 2020, Defendant served its first supplemental responses (ECF No. 59-4) on April 23, 2020. As a result, the deadline for filing any motion to compel discovery related to the interrogatory responses was reset under Local Civil Rule 37.01 for May 14, 2020, twenty-one (21) days after Plaintiff's receipt of Defendant's first supplemental responses.

On May 6, 2020, Plaintiff asked Defendant whether it intended to supplement its interrogatory responses further and requested that Defendant respond by May 11, 2020. (ECF No. 59-5 at 2.) Defendant responded on May 13, 2020, stating that it was "working diligently" to

2

provide the requested supplementation and "expect[ed] to provide an additional supplementation" the next day.  (ECF No. 59-7 at 2.)

On May 14, 2020, the deadline for filing a motion to compel related to Defendant's first supplemental responses under Local Civil Rule 37.01, Plaintiff asked Defendant whether it would oppose the submission of its first supplemental interrogatory responses to the court for *in camera* review in conjunction with its Motion to Compel.  (ECF No. 62-2 at 3.)  Shortly after 6 p.m., Defendant informed Plaintiff that it would not oppose the submission of Defendant's first supplemental interrogatory responses for *in camera* review and served its second supplemental responses (ECF No. 59-8).  (ECF Nos. 58 at 2-3, 62-2 at 2-3.)

Later that evening, Plaintiff filed the instant Motion to Compel (ECF No. 58) Defendant to provide answers to its first set of interrogatories.  Specifically, Plaintiff requests that the court order Defendant to:

1. Provide a sufficiently specific response to Plaintiff's Interrogatory No. 1;

2. Adequately identify its products under development in response to Plaintiff's Interrogatory No. 2;

3. Provide a complete answer to Plaintiff's Interrogatory Nos. 3-6, including providing relevant documents and identifying the names of individuals with relevant information, as requested;

4. Answer Plaintiff's Interrogatory No. 7 and produce relevant documents;

5. Describe its distribution channels in response to Plaintiff's Interrogatory No. 8;

6. Clarify its ambiguous answer to Plaintiff's Interrogatory No. 10 regarding attempts to design around or otherwise avoid infringement;

7. Clarify its ambiguous answer to Plaintiff's Interrogatory No. 12 regarding the claim elements purportedly not practiced by the Accused Products;

8. Fully answer Plaintiff's Interrogatory No. 13 regarding the remedy that Britax asserts would be appropriate if it is found to infringe a valid and enforceable patent; and

9. Answer and produce all relevant documents in response to Plaintiff's Interrogatory No. 14. (ECF No. 58 at 14-15.)

Defendant filed a Response (ECF No. 62) on May 28, 2020 and Plaintiff filed a Reply (ECF No. 64) on June 4, 2020. Defendant subsequently served its third supplemental responses (ECF No. 72) on June 4, 2020.

## II.    JURISDICTION

The court has subject matter jurisdiction over Plaintiff's patent infringement claims pursuant to 28 U.S.C. § 1331 and § 1338 because they invoke federal patent law. (ECF No. 32 at 6, 9, 12).

The court also has subject matter jurisdiction over Defendant's declaratory judgment counterclaims for patent non-infringement and invalidity pursuant to 28 U.S.C. § 2201. To establish subject matter jurisdiction in a declaratory judgment action, the plaintiff must show that "a case of actual controversy" exists. § 2201(a). Whether a case of actual controversy exists so that a district court may entertain an action for a declaratory judgment of patent non-infringement or invalidity is governed by Federal Circuit law. *Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, 1318 (Fed. Cir. 2012), aff'd in part, rev'd in part on other grounds, *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013). The Federal Circuit has held that a case of actual controversy is present in a declaratory judgment action for non-infringement or invalidity of a patent if the plaintiff alleges "(1) an affirmative act by the

patentee related to the enforcement of his patent rights and (2) meaningful preparation to conduct potentially infringing activity." *Id.* Here, Defendant has alleged both. Defendant's Answer to Plaintiff's Amended Complaint demonstrates that Defendant's counterclaims are in response to Plaintiff's infringement action. (ECF No. 35 at 11-15.) It also notes that Plaintiff's infringement claims raise a possibility that products manufactured by Defendant such as the B-Ready Stroller and Marathon ClickTight Convertible Car Seat infringe on Plaintiff's patents. (*Id.*) Therefore, a case of actual controversy exists, allowing the court to exercise subject matter jurisdiction over Defendant's declaratory judgment counterclaims.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that may be in the case. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978) (footnote omitted) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)) (discussing relevance to a claim or defense, although decided under 1978 version of Rule 26 that authorized discovery relevant to the subject matter of the action). Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery "need not be admissible in evidence to be discoverable." *Id.*

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992). However, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

Parties may submit interrogatories related to any matter within the scope of discovery. Fed. R. Civ. P. 33(a). The responding party must answer or object to each interrogatory within thirty (30) days of being served with the interrogatories. Fed. R. Civ. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). An untimely objection is waived "unless the court, for good cause, excuses the failure." *Id.*

A party seeking discovery may move the court to compel answers to interrogatories if the nonmoving party objects or fails to respond. Fed. R. Civ. P. 37(a)(3)(B). An incomplete answer to an interrogatory is treated the same as a non-answer for purposes of a motion to compel. Fed. R. Civ. P. 37(a)(4). Prior to filing a motion to compel, the parties must meet and confer to attempt to resolve the dispute without the Court's intervention. Fed. R. Civ. P. 37(a)(1). On a motion to compel, "the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012). A district court has broad discretion to grant or deny a motion to compel. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.");

*LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

## IV.    ANALYSIS

Plaintiff seeks to compel responses to Interrogatory Nos. 1-8, 10, and 12-14. (ECF No. 58 at 14-15.) Defendant claims that Plaintiff's Motion to Compel is barred because it fails to satisfy the requirements of Local Civil Rule 7.02. (ECF No. 62-3.) Local Civil Rule 7.02 requires that all motions "contain an affirmation by the movant's counsel that prior to filing the motion he or she conferred or attempted to confer with opposing counsel and attempted in good faith to resolve the matter contained in the motion." Local Civ. Rule 7.02 (D.S.C.)

The court rejects Defendant's argument and finds that Plaintiff's Motion to Compel was made in compliance with Local Civil Rule 7.02. Not only did the parties meet and confer about Defendant's initial interrogatory responses, but Plaintiff agreed to extend the deadline for filing this Motion until twenty-one (21) days after Defendant served its first supplemental interrogatory responses. (ECF Nos. 59-2 at 2, 62 at 5.) In addition, Plaintiff attempted to resolve the grounds for the Motion on May 6, 2020 by sending Defendant an email inquiring whether Defendant intended to supplement its interrogatory responses further and requesting that Defendant respond by May 11, 2020. (ECF No. 59-5 at 2.) However, Defendant waited to respond until May 13, 2020, the day before this Motion was due, and failed to supplement its responses until after the close of business on May 14, 2020, the day this Motion was due. (ECF Nos. 59-7 at 2, 58 at 2-3, 62-2 at 2-3.) Plaintiff should not be penalized because Defendant failed to respond to Plaintiff's communications and adequately supplement its discovery responses in a timely manner. Plaintiff also satisfied the formal requirements of Local Civil Rule 7.02 by affixing an affirmation of compliance to its Motion. (ECF No. 58 at 16.) Since the parties met and conferred about the

allegedly deficient interrogatory responses and Plaintiff attempted to resolve the grounds for the Motion to Compel via email before filing it, Plaintiff satisfied the requirements of Local Civil Rule 7.02. Furthermore, the court observes that it would be unfair to bar Plaintiff's Motion based on Local Civil Rule 7.02. Defendant's consistently deficient interrogatory responses, late submissions, and untimely responses to Plaintiff's communications did not project a willingness to resolve discovery disputes in good faith.

The court addresses each disputed discovery request in turn as follows:

**A. <u>Interrogatory No. 1</u>**

*Interrogatory No. 1:* "Identify all products Britax has made, used, sold, offered for sale, or imported in the United States having a car seat recline mechanism (including, e.g., a front-mounted recline mechanism actuated by a handle); a car seat storage feature capable of housing a harness and/or straps; or a stroller or pushcart brake device (including, e.g., a toggle-style foot brake) from September 8, 2005, to the present, including but not limited to each of the Accused Products, and for each such product identify: (a) all of its product names; (b) all of its product numbers; (c) the family or series of products the product belongs to; (d) any internal names, code names, or project names for the product; and (e) any other designations Britax uses to refer to the product either internally or externally." (ECF No. 59 at 11.)

In its initial interrogatory responses, Defendant made several objections and responded that it was "willing to meet and confer with Wonderland to determine the scope of this Interrogatory." (ECF No. 59-1 at 6.) When the parties met and conferred on March 24, 2020, Defendant expressed concern that any response to Interrogatory No. 1 could be interpreted as an admission of infringement. (ECF No. 58 at 4-5.) After the parties resolved Defendant's concern by agreeing that any response would not be interpreted as an admission of infringement, Defendant elected to respond pursuant to Federal Rule of Civil Procedure 33(d)'s business records provision and identified over 4,000 pages of documents. (ECF Nos. 58 at 4-5, 59-4 at 6, 62 at 7.) It did not supplement its response to Interrogatory No. 1 in its second or third supplemental responses. (ECF

Nos. 59-8, 72.)  Plaintiff requests that the court order Defendant to provide "a sufficiently specific" written response to Interrogatory No. 1.  (ECF Nos. 58 at 14, 64 at 7.)  Plaintiff contends that Defendant's response lacks the specificity required by Rule 33(d) because "Defendant identified over 80% of its total production of 5,700 pages thus far in response to Interrogatory No. 1 and provided Plaintiff no guide to finding the specific responsive information."  (ECF No. 58 at 5-6.) Defendant claims that the documents it produced are responsive since Interrogatory No. 1 is broad and Defendant produces "hundreds of products."  (ECF No. 62 at 8-9.)

Rule 33(b)(3) requires that each interrogatory be answered "fully in writing."  Fed. R. Civ. P. 33(b)(3).  However, Rule 33(d) allows a party to supply business records in response to an interrogatory if: (1) "the answer to an interrogatory may be derived or ascertained from the business records;" (2) "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served;" and (3) the specification is "in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."  Fed. R. Civ. P. 33(d).

A Rule 33(d) response is an appropriate answer to a request "requiring compilation or analysis, accomplished as easily by one party as another, or where neither side has clear superiority of knowledge or familiarity with the documents."  *United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005).  However, a Rule 33(d) response is inappropriate where the interrogatory calls for "the exercise of particular knowledge and judgment on the part of the responding party." *Id.*

In the Fourth Circuit, district courts have adopted a two-part test to analyze a Rule 33(d) dispute.  *Minter v. Wells Fargo Bank, N.A.*, 286 F.RD. 273, 277 (D. Md. 2012).  First, the moving party must make a prima facie case showing that a Rule 33(d) response is an inadequate means of

answering the interrogatories, "whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons." *Hege v. Aegon USA, LLC*, No. 8:10–cv–01578–GRA, 2011 WL 1119871, at *2 (D.S.C. Mar. 25, 2011) (citing *S.E.C. v. Elfindepan*, 206 F.R.D. 574, 576 (M.D.N.C. 2002)).  The burden then shifts to the producing party to justify use of Rule 33(d) instead of answering the interrogatories.  *Id.*  To prove justification, the producing party must do four things: (1) specify for each interrogatory the actual documents where the information will be found; (2) affirm that the information sought in the interrogatory is in fact available in the specified records; (3) demonstrate that directly answering the interrogatory would impose a burden upon it; and (4) show that the burden of compiling the information is substantially the same for both parties.  *Elfindepan*, 206 F.R.D. at 276-77.

        i.    <u>Prima Facie Showing of Inadequacy</u>

Here, Plaintiff has made a prima facie showing of inadequacy.  First, it has demonstrated that the burden of deriving the answer from the documents is greater for Plaintiff than Defendant.  Defendant is indisputably in a better position to determine the names, genealogy, and internal designations of its own products.  (ECF No. 64 at 7.)  The classification and identification contemplated by Interrogatory No. 1 necessitates both institutional knowledge and judgment.  Second, Plaintiff has shown that Defendant's disclosure constitutes a document dump[1] that lacks the specificity required by Rule 33(d).  Courts in the Fourth Circuit and across the country have found document dumps of thousands of documents without a guiding index to be insufficiently specific for the purposes of Rule 33(d).  *See Minter v. Wells Fargo Bank, N.A.*, 286 F.RD. at 278-

---

[1] The term "document dump" is often used to refer to the production of voluminous and mostly unresponsive documents without identification of specific pages or portions of documents which are responsive to the discovery requests. *See, e.g.*, *Elfindepan*, 206 F.R.D. at 576-77 (M.D.N.C. 2002); *Stooksbury v. Ross*, 528 F. App'x. 547, 550 (6th Cir. 2013).

79 ("[a] document dump of thousands of documents will not suffice"); *Graske v. Auto–Owners Ins. Co.*, 647 F. Supp. 2d 1105, 1108 (D. Neb. 2009) (production of 7,000 documents in seven files insufficiently specific because they "were not accompanied by any indices or other tool to guide plaintiffs to the responsive documents"); *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 681 (E.D. Cal. 2006) ("If the records are voluminous, the responding party must produce an index designed to guide the searcher to the documents responsive to the interrogatories.")  Since Plaintiff has made a prima facie showing of inadequacy, the burden now shifts to Defendant to demonstrate that its document-only response was justified.

       ii.    <u>Justification for Making a Rule 33(d) Response</u>

Although Defendant specified the documents where the information could be found by Bates number, Defendant has failed to establish that its document-only response was justified. (ECF No. 59-4 at 6).  Defendant did not affirm in its responses that the information sought in the interrogatory is in fact available in the specified documents.  Instead, Defendant simply stated that it was producing documents "[p]ursuant to Federal Rule of Civil Procedure 33(d)" and listed the Bates numbers of the documents.  (*Id.*)  *Cf. Hillyard Enters., Inc. v. Warren Oil Co., Inc.*, No 5:02–cv–329, 2003 WL 25904133, at *2 (E.D.N.C. Jan. 31, 2003) (finding that the producing party did not affirm the information sought because it made no affirmations of completeness in its discovery response).  Defendant has also not shown that directly answering the interrogatory would impose a burden upon it or that the burden of compiling the information is substantially the same for both parties.  In fact, Defendant's argument that the volume of the documents is a result of its production of "hundreds of products" and "hundreds of thousands of car seats each year" supports the idea that Defendant is better equipped to compile the information from the documents.  (ECF No. 62 at 9.)

In summary, Defendant has not satisfactorily proven that its document-only response under Rule 33(d) was justified because it failed to meet its burden on three of the four justification prongs. Therefore, the court grants Plaintiff's Motion to Compel with respect to Interrogatory No. 1 and orders Defendant to provide a sufficient written response to Interrogatory No. 1 as contemplated by Rule 33(b)(3).

**B.  Interrogatory No. 2**

*Interrogatory No. 2:* "Identify all products having a car seat recline mechanism, a car seat storage feature capable of housing a harness and/or straps, or a stroller or pushcart brake device feature that Britax is currently researching, developing, designing, manufacturing, prototyping, or testing and that Britax intends to release commercially, or is considering releasing commercially) [sic], and for each such product identify: (a) all of its product names; (b) all of its product numbers; (c) the family or series of products the product belongs to; (d) the type of product it is; (e) any internal names, code names, or project names for the product; and (f) any other designations Britax uses to refer to the product either internally or externally." (ECF No. 59 at 11.)

Defendant initially objected to Interrogatory No. 2.  (ECF No. 59-1 at 7.)  It then denied researching products with the allegedly infringing features that it "intends to release commercially" in its second supplemental responses.  (ECF No. 59-8 at 7.)  In its third supplemental responses, Defendant responded that it is developing a new version of one of its products with one of the allegedly infringing features.  (ECF No. 72 at 8.)

Plaintiff claims that Defendant's response is insufficient because it fails to identify all relevant products currently in development.  (ECF No. 58 6-7.)  Defendant objects that Interrogatory No. 2 is "disproportionate" and contends that it has sufficiently described its development efforts.  (ECF Nos. 59-1 at 7, 62 at 10.)

The court finds that Interrogatory No. 2 is not disproportionate.  It is important for Plaintiff to determine whether future Britax products may feature the allegedly infringing characteristics because Plaintiff seeks to enjoin Defendant from continued infringement of the '295, '093, and

'294 patents.  (ECF No. 32 at 16.)  Defendant also has easy access to its own research and development plans.

However, the court denies Plaintiff's Motion to Compel as moot with respect to Interrogatory No. 2.  "Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot."  *Financial Guaranty Insurance Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016).  Here, Defendant sufficiently responded to Interrogatory No. 2 after Plaintiff filed its Motion to Compel.  Defendant's third supplemental response to Interrogatory No. 2 was served three weeks after Plaintiff filed its Motion to Compel and sufficiently identifies a product that Defendant intends to sell commercially with one of the allegedly infringing features.  (ECF No. 72 at 8.)

### C. **Interrogatory Nos. 3-6**

*Interrogatory No. 3:* "For each product identified in response to Interrogatory Nos. 1 and 2, identify by litigation document production number all documents that describe any of the structure, function, and operation of any car seat recline mechanism, car seat storage feature capable of housing a harness and/or straps, or stroller or pushcart brake device, and identify the person or persons most familiar with the concept, design, development, testing, operation, prototyping, production, and commercialization of such features."  (ECF No. 59 at 11-12.)

*Interrogatory No. 4:* "For each product identified in response to Interrogatory Nos. 1 and 2, describe in detail any market analysis, industry analysis, competitive analysis, reverse engineering, testing results, customer or third-party surveys and related survey results and analysis, usability studies, and focus group studies that were performed by or on behalf of Britax or a related entity relating to the product." (ECF No. 59 at 12.)

*Interrogatory No. 5:* "For each product identified in response to Interrogatory Nos. 1 and 2, identify all third parties that manufacture and/or supply any hardware components related to the car seat recline mechanism, car seat storage feature capable of housing a harness and/or straps, and stroller or pushcart brake device, and identify the names, model numbers, part numbers, and functional descriptions of all components that are supplied or manufactured by third parties relating to such car seat recline mechanisms, car seat storage features capable of housing a harness and/or straps, or stroller or pushcart brake devices."  (ECF No. 59 at 12.)

13

*Interrogatory No. 6:* "For each Accused Product, describe in detail all activities of Britax or any related entity  that relate to the research and development, design, fabrication, manufacture, testing, packaging, and assembly of the Accused Product, including identification of the groups, departments, teams, or other business units involved with those activities, the locations and facilities where these activities are performed, and identify at least the three persons most knowledgeable regarding each of these specified activities."  (ECF No. 59 at 12-13.)

Plaintiff claims that Defendant has failed to sufficiently respond to Interrogatory Nos. 3-6. (ECF No. 58 at 8.)  First, Plaintiff asserts that Defendant's responses to Interrogatory Nos. 3 – 6 are deficient because they identify "a small and facially inadequate subset of responsive documents" in response to broad inquiries.  (ECF No. 64 at 8.)  In its first supplemental responses, Defendant identified five (5) documents in response to Interrogatory No. 3, seven (7) documents in response to Interrogatory No. 4, nine (9) documents in response to Interrogatory No. 5, and nine (9) documents in response to Interrogatory No. 6.  (ECF No. 59-4 at 8-13.)  It did not identify any additional documents in its second and third supplemental responses.  (ECF Nos. 59-8, 72.) Second, Plaintiff maintains that Defendant's responses to Interrogatory Nos. 3 and 6 fail to identify relevant people.  (ECF No. 58 at 9.)  In its second supplemental responses to Interrogatory Nos. 3 and 6, Defendant only "identifie[d] the individuals listed in its disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure."  (ECF No. 59-8 at 9, 13.)  Plaintiff claims that Defendant's Rule 26(a)(1) Initial Disclosures "identify witnesses with knowledge of some of its car seat products but not a witness with stated knowledge of Defendant's other Accused Products, including the B-Ready strollers."  (ECF No. 58 at 9.)

Defendant counters that its "responses to Interrogatory Nos. 3–6 provide the information requested" and that it will continue to provide additional documentation throughout fact discovery. (ECF No. 62 at 12.)  It objects to Interrogatory Nos. 3-6 as "overly broad[.]"  (ECF No. 59-1 at 8, 9, 10, 11.)  It also claims that Plaintiff's assertion that Defendant's 26(a)(1) Initial Disclosures do

not identify any witnesses with regard to the B-Ready strollers is "facially incorrect." (ECF No. 62 at 11.) Defendant maintains that it is "in the process" of identifying additional correct individuals and will supplement its 26(a)(1) Initial Disclosures in "due course." (*Id.*)

The court concludes that Interrogatory Nos. 3-6 are not overly broad. The information requested in each interrogatory is important because it will enable an infringement determination. In contrast, the burden each interrogatory places on Defendant is slight. Interrogatory Nos. 3-6 only request documents related to products identified in Interrogatory Nos. 1 and 2 or the Accused Products. They do not seek documents related to all of Defendant's products. Furthermore, the information sought is in Defendant's control and the interrogatories seek identification of persons who likely work for Defendant.

The court concludes that Defendant has sufficiently responded to the document requests in Interrogatory Nos. 3-6. Plaintiff asserts that Defendant's ClickTight Car Seat product line infringes the '295 patent, Defendant's B-Ready stroller product line infringes the '093 patent, and Defendant's One4Life ClickTight car seat product line infringes the '294 patent. (ECF No. 62-5 at 4.) With just three allegedly infringing product lines, it is conceivable that only a handful of documents would describe the operation of the allegedly infringing features, constitute analysis of allegedly infringing products, identify third-party manufacturers of allegedly infringing feature components, and detail manufacturing activities of allegedly infringing products. However, the court reminds Defendant that it has an ongoing duty to supplement its responses under Rule 26(e).

Although Defendant sufficiently responded to the document requests in Interrogatory Nos. 3 and 6, Defendant failed to sufficiently respond to the identification requests in Interrogatory Nos. 3 and 6. Defendant's initial Rule 26(a)(1) disclosures identify Dan Provolo as having knowledge "regarding the business of Britax and sales and marketing information related to the Britax accused

15

products." (ECF No. 64 at 8.) But the initial disclosures do not indicate whether Mr. Provolo is the person "most familiar with the concept, design, development, testing, operation, prototyping, production, and commercialization" of the allegedly infringing features as requested by Interrogatory No. 3. (ECF No. 59 at 12.) The identification of Mr. Provolo also does not satisfy Interrogatory No. 6's request for identification of the "three persons most knowledgeable" about "the research and development, design, fabrication, manufacture, testing, packaging, and assembly" of the Accused Products. (*Id.* at 12-13.) The court understands the difficulty of producing documents during a global pandemic that has forced many of Defendant's employees to work from home. However, the court believes that the three-month period between the time Defendant was served with Plaintiff's first set of interrogatories and the time Defendant served its second supplemental responses was a sufficient amount of time to identify the relevant individuals requested by Interrogatory Nos. 3 and 6.

Therefore, the court denies Plaintiff's Motion to Compel with respect to Interrogatory Nos. 4 and 5 and grants the Motion with respect to Interrogatory Nos. 3 and 6. It orders Defendant to identify the names of knowledgeable individuals in response to Interrogatory Nos. 3 and 6.

### D. <u>Interrogatory No. 7</u>

*Interrogatory No. 7:* "For each Accused Product, identify the number of units sold and offered for sale in the United States and the sales price for those units on a monthly basis for the time period from the first sale of each Accused Product through the close of fact discovery in the Current Litigation, and identify the projected number of units to be sold, for each Accused Product, between the close of fact discovery in the Current Litigation and December 31, 2023." (ECF No. 59 at 13.)

Defendant initially responded with a series of objections and a statement that it will produce responsive documents in accordance with Rule 33(d). (ECF No. 59-1 at 11-12.) It provided purported first sale dates for a subset of the Accused Products in its first supplemental

responses but did not supplement its response in its second or third supplemental responses. (ECF Nos. 59-4 at 13-14, 59-8 at 14, 72 at 16.) At no point did Defendant identify documents relevant to the inquiry.

Plaintiff requests an order compelling Defendant to sufficiently respond to Interrogatory No. 7. (ECF No. 58 at 10.) It asserts that there is "no legitimate reason" for Defendant to withhold the information. (*Id.*) Plaintiff contends that the sales information sought in Interrogatory No. 7 is relevant to the determination of damages and readily available. (*Id.*) Plaintiff asserts that "Defendant almost certainly maintains internal forecasts, unit and net sales information, and projections that track sales." (*Id.*) In response, Defendant claims that Plaintiff's Motion is moot because it plans to produce the information as soon as it can. (ECF No. 62 at 12-13.)

The court finds that Defendant has insufficiently responded to Interrogatory No. 7. Despite serving three supplemental responses to Plaintiff's first set of interrogatories, Defendant has failed to provide any sales information besides the initial sale dates for the Accused Products. Such a failure is particularly glaring because the information is easily accessible by Defendant's accounting department. Given the importance of the sales information to the calculation of damages in this case, the court grants Plaintiff's Motion to Compel with respect to Interrogatory No. 7 and compels Defendant to sufficiently respond to Interrogatory No. 7.

### E. Interrogatory No. 8

*Interrogatory No. 8:* "For each Accused Product, describe in detail the sales and distribution channels and any related processes, terms, and procedures from the time the product is manufactured and assembled until it is sold to consumers in the United States, including in your response: (a) an identification of each owner, importer, distributor, assignee, bailee, lessee, or consignee involved; (b) an identification of each entity that holds title to the Accused Product during each step of the process; (c) a description of the process by which the Accused Product is transferred from Defendant to any person that sells the Accused Product or offers the Accused Product for sale in the United States; and (d) a description of the

process by which each Accused Product is ultimately transferred to the final customer or other purchaser in the United States." (ECF No. 59 at 13.)

Defendant originally responded with a series of objections. (ECF No. 59-1 at 12-13.) In its second supplemental responses, it added a short paragraph describing its export procedures. (ECF No. 59-8 at 16.) It did not supplement its responses in its first or third supplemental responses. (*See* ECF No. 59-4, 72.)

Plaintiff claims that Defendant's response to Interrogatory No. 8 is "so vague as to be meaningless" because it "does not describe who any of its customers are; any of its processes or procedures for distribution; and identify which of the Accused Products are shipped to which distributor." (ECF No. 58 at 11.) Defendant objects that Interrogatory No. 8 is "irrelevant." (ECF No. 59-1 at 13.) Since Plaintiff appears to seek damages on a reasonable royalty theory rather than a lost profit theory, Defendant contends that the identities of its customers are irrelevant to this case. (ECF No. 62 at 14.)

The court disagrees with Defendant and concludes that Interrogatory No. 8 seeks relevant information. To prove infringement under 35 U.S.C. § 271, Plaintiff must show that Defendant "makes, uses, offers to sell, or sells … within the United States or imports into the United States" an Accused Product that meets the limitations of at least one claim of one of the disputed patents. 35 U.S.C. § 271(a). Disclosure of Defendant's distribution and sales channels within the United States will allow Plaintiff to ascertain whether Defendant "makes, uses, offers to sell, or sells … within the United States or imports into the United States" the Accused Products. *Id.* Since Defendant's distribution and sales channels are germane to the prima facie elements of a patent infringement action, Interrogatory No. 8 is relevant.

Defendant has failed to respond to the call of the question in Interrogatory No. 8. Instead of describing its sales and distribution channels from the time the Accused Products are

manufactured until they are sold to consumers in the United States, Defendant's response only addresses which party serves as the importer of record in its international distribution channels. (ECF No. 59-8 at 16.)  Therefore, the court grants Plaintiff's Motion to Compel as to Interrogatory No. 8 and orders Defendant to explain how each of the Accused Products are distributed as requested in Interrogatory No. 8.

### F.  Interrogatory No. 10

> *Interrogatory No. 10:* "For each Accused Product, describe in detail all attempts or plans to design around or otherwise avoid infringement of any of the Asserted Patents, including the date, the circumstances, the identity of the persons involved with or knowledgeable about those attempts or plans, and a description of all documents relating to those attempts or plans."  (ECF No. 59 at 14.)

In its initial responses, Defendant made a series of objections and stated that it was "unaware of any non-privileged information that is responsive to this Interrogatory."  (ECF No. 59-1 at 14-15.)  It did not supplement its response to Interrogatory No. 10 in its first or second supplemental responses, but it added that it "incorporates by reference the response to Interrogatory No. 2 as supplemented on June 4, 2020" in its third supplemental responses.  (ECF Nos. 59-4, 59-8, 72 at 20.)

Plaintiff seeks an order from the court "compelling Defendant to clarify whether it is withholding privileged information, or that no such information exists."  (ECF No. 58 at 12.)  Defendant counters that Plaintiff's Motion to Compel a response to Interrogatory No. 10 should be denied as premature, improper, and waived.  (ECF No. 62 at 15.)  It maintains that a privilege log is not due at this time because the parties agreed in their Joint 26(f) Report that a "preliminary privilege log shall be served no later than sixty (60) days before the close of fact discovery."  (ECF Nos. 62 at 15, 36-1 at 3.)  Defendant also contends that the parties agreed in their Joint 26(f) Report that it is not necessary to log materials that post-date the filing of this lawsuit.  (ECF Nos. 62 at

15, 36-1 at 3.)  In addition, Defendant asserts that Plaintiff's Motion to Compel is untimely because it served its most recent response to Interrogatory No. 10 on March 13, 2020.  (ECF No. 62 at 15.)

First, the court notes that Plaintiff did not waive its Motion to Compel by filing it more than twenty-one (21) days after Defendant's initial responses were served.  Instead of immediately filing this Motion upon receipt of Defendant's initial responses, Plaintiff in good faith requested that Defendant supplement its responses and proposed extending the deadline for filing a Motion to Compel related to the interrogatory responses.  (ECF No. 59-2 at 2.)  Plaintiff proposed such an accommodation out of the belief that Defendant would supplement its answers in good faith. Plaintiff will not be penalized because Defendant chose not to supplement its response.  Defendant will also not be permitted to claim that it "would have been more than willing to agree to an extension of Wonderland's deadline to file a motion to compel" while simultaneously arguing that Plaintiff's motion should be barred by Local Civil Rule 37.01 even though the parties agreed to extend the deadline for the Motion.  (ECF No. 62 at 3, 15.)  Such arguments by Defendant are disingenuous.

Although Plaintiff's motion is not barred by Local Civil Rule 37.01, the court denies Plaintiff's Motion to Compel with respect to Interrogatory No. 10.   Since the Joint 26(f) Report provides that a "preliminary privilege log shall be served no later than sixty (60) days before the close of fact discovery," Defendant's response is sufficient at this time.

### G.  Interrogatory No. 12

*Interrogatory No. 12:* "Separately for each Accused Product and each asserted claim of the Asserted Patents that you contend is not infringed by that product, describe in detail the legal and factual basis for your contention that the claim is not infringed by providing a claim chart for the Accused Product that identifies, on a limitation-by-limitation basis, each claim limitation that you contend is not met, explains the basis for your position that the limitation is not met (literally and under the doctrine of equivalents, if applicable), identifies the persons knowledgeable

about those contentions, and identifies all documents, tests, experiments, data or other evidence that you rely on to support your contention." (ECF No. 59 at 14.)

Defendant initially responded with a series of objections and a list of claim terms that each of the Accused Products purportedly do not practice. (ECF No. 59-1 at 16-19.) It did not subsequently supplement its response. (ECF Nos. 59-4, 59-8, 72.)

Plaintiff alleges that Defendant's assertions are "entirely meaningless" because they do not explain what construction is applied to each term. (ECF No. 58 at 12.) Defendant objects to Interrogatory No. 12, asserting that the interrogatory prematurely calls for expert discovery and improperly places the burden of proof on Defendant to establish non-infringement of the Accused Products. (ECF No. 62 at 16.) It maintains that it is premature for it to provide its non-infringement positions in greater detail "before claim construction, before final infringement contentions, and before Wonderland provides its expert reports outlining the basis for its infringement position[.]" (*Id.*) In addition, Defendant claims that it has no burden to identify why it does not infringe the asserted patents. (*Id.*)

The court denies Plaintiff's Motion to Compel with respect to Interrogatory No. 12 as moot. Now that both parties have submitted their claim construction briefing and the court has held a claim construction hearing, Plaintiff is on notice of Defendant's construction of each term.

## H. <u>Interrogatory No. 13</u>

*Interrogatory No. 13:* "State and describe in detail your contentions concerning the appropriate remedy that should be imposed pursuant to 35 U.S.C. §§ 281, 283, 284, and 285 if the District Court finds patent infringement, validity, and enforceability of the asserted claims in the Asserted Patents, including any continuing royalty rate or lump-sum payment that you contend would be appropriate, describe the legal and factual bases for each such contention, and identify the documents or other evidence that you allege supports your contention." (ECF No. 59 at 14-15.)

Subject to a series of objections, Defendant initially responded that Plaintiff is entitled to no more than a reasonable royalty if infringement is found. (ECF No. 59-1 at 20.) It also

maintained that an injunction is not warranted and notified Plaintiff of its intent to serve a rebuttal damages expert report. (*Id.* at 20-21.) Defendant did not subsequently supplement its response to Interrogatory No. 13. (ECF Nos. 59-4, 59-8, 72.)

Plaintiff claims that "Defendant disregards the premise of this interrogatory entirely and fails to provide any explanation regarding what a reasonable royalty would be in this litigation." (ECF No. 58 at 13.) Defendant counters that it should not have to provide a damages estimate until Plaintiff articulates a damages theory. (ECF No. 62 at 17.)

Here, the court finds that Plaintiff has articulated a damages theory to Defendant. Plaintiff expressed its intent to proceed with a reasonable royalty theory in its March 26, 2020 letter to Defendant. (ECF No. 59-2 at 3.) Defendant later confirmed its understanding of Plaintiff's intent to proceed with a reasonable royalty theory, stating in its March 27, 2020 letter that "Wonderland's letter confirms that it intends to move forward with a reasonable royalty analysis as opposed to seeking lost profits." (ECF No. 59-3 at 3.)

However, the court denies Plaintiff's Motion to Compel with respect to Interrogatory No. 13. Calculating damages based on a reasonable royalty involves a complex, multi-factor analysis that should be addressed in expert discovery instead of fact discovery. *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. May 28, 1970) (elaborating fifteen factors relevant to a reasonable royalty analysis). Therefore, "[d]isclosing damages amounts and the manner in which those amounts were calculated requires too detailed of an analysis and explanation for an interrogatory response." *Robert Bosch LLC v. Snap-On Inc.*, No. 12–11503, 2013 WL 1703328, at *4 (E.D. Mich. Apr. 19, 2013).

I. **Interrogatory No. 14**

*Interrogatory No. 14:* "Identify and describe Defendant's policies and practices with respect to the filing, storage, retention, and destruction of documents,

22

including electronically stored information, and describe in detail any suspension or modification of your document destruction or retention policies related to the Accused Products, including identification of whether Defendant has a formal record retention policy, and if so, a description of Defendant's procedures and facilities for generating, maintaining and disposing of records, including in such description the title, nature and frequency of any reports Defendant prepares regarding such activities." (ECF No. 59 at 15.)

In response to Interrogatory No. 14, Defendant originally made a series of objections and stated that it would produce responsive documents in accordance with Rule 33(d). (ECF No. 59-1 at 21.) It subsequently identified a two-page document retention policy in its second supplemental responses. (ECF No. 59-8 at 24.)

Plaintiff asserts that the document retention policy fails to sufficiently respond to Interrogatory No. 14 in two ways. (ECF No. 58 at 13-14.) First, the document references schedules for the purge of documents that have not been produced. (*Id.* at 14.) Second, the document retention policy fails to explain whether the policy has been suspended or modified in any way in view of this litigation. (*Id.*) Defendant maintains that its response to Interrogatory No. 14 "provides the exact information requested." (ECF No. 62 at 19.) It claims that the "current public health climate" has impeded its ability to produce documents quickly and that other documents, such as the schedules provided in the document retention policy, will be obtained and produced "as soon as practical." (*Id.* at 18-19.)

The court understands the difficulty of producing documents during a global pandemic that has challenged the "normal" way of doing business. But there is no excuse for Defendant's failure to respond to Interrogatory No. 14's request for a description of "any suspension or modification of [Defendant's] document destruction or retention policies related to the Accused Products." (ECF No. 59 at 15.) Since litigation holds originate from an organization's legal team, Defendant would have to expend minimal effort to obtain related documents or determine that a litigation

23

hold was not put in place.  As a result, the court grants Plaintiff's Motion to Compel with respect to Interrogatory No. 14 and orders Defendant to respond sufficiently to Interrogatory No. 14.

## V.    CONCLUSION

After extensive review of the parties' arguments and submissions, the court **GRANTS** Plaintiff's Motion to Compel (ECF No. 58) with respect to Interrogatory Nos. 1, 3, 6, 7, 8, and 14 and **DENIES** the Motion with respect to Interrogatory Nos. 2, 4, 5, 10, 12, and 13.  As a result, the court orders Defendant to respond sufficiently to Interrogatory Nos. 1, 3, 6, 7, 8, and 14.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 29, 2020
Columbia, South Carolina