**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Wonderland Switzerland AG, ) | |
| ) | Civil Action No.: 0:19-cv-02475-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Britax Child Safety, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant Britax Child Safety, Inc.'s ("Defendant") Motion to Stay Pending *Inter Partes* Review (ECF No. 83). Defendant requests that the court stay this action pending resolution of the Petition for *Inter Partes* Review ("IPR") Defendant filed with the Patent Trial and Appeal Board ("PTAB") on October 30, 2020. (ECF No. 83-1 at 6.) For the reasons set forth below, the court **DENIES** Defendant's Motion to Stay (ECF No. 83) **WITHOUT PREJUDICE**.

## I. RELEVANT BACKGROUND

Plaintiff Wonderland Switzerland AG ("Plaintiff") filed its first Complaint (ECF No. 1) on August 30, 2019, claiming that Defendant infringed U.S. Patent Nos. 8,123,295 ("'295 Patent") and 7,537,093 ("'093 Patent"). (ECF No. 1 at 1.) It subsequently filed an Amended Complaint (ECF No. 32) on November 1, 2019, adding a claim for infringement of U.S. Patent No. 8,123,294 ("'294 Patent"). (ECF No. 32 at 1.) In response to Plaintiff's Amended Complaint, Defendant asserted six declaratory judgment counterclaims for patent non-infringement and invalidity. (ECF No. 35 at 11-15.)

Since Plaintiff filed its Amended Complaint, the parties have engaged in extensive fact discovery. They have propounded and responded to interrogatories, produced thousands of pages

1

of documents, and conducted depositions.  (ECF Nos. 58 at 5, 59, 59-1, 59-4, 59-8, 70-12, 72, 73-3.)

On September 28, 2020, the court held a claim construction hearing.  (ECF No. 76.)  The court subsequently entered its claim construction order on December 1, 2020.  (ECF No. 84.)

Defendant filed a Petition for IPR with the PTAB on October 30, 2020, seeking a finding of unpatentability for the '294 Patent.  (ECF No. 83-1 at 6.)  Defendant expects the PTAB to issue a decision on institution in mid-May 2021.  (*Id.*)

On November 10, 2020, Defense counsel conferred with Plaintiff's counsel about staying this case pending resolution of Defendant's Petition for IPR.  (ECF No. 83 at 1.)  Plaintiff's counsel opposed a stay, prompting Defendant to file the instant Motion to Stay on November 25, 2020.  (*Id.*)  The Motion seeks a stay of the case until completion of the IPR process or, in the alternative, a stay limited to the '294 Patent portion of the case.  (ECF No. 83-1 at 6-7.)  Although Plaintiff has until December 9, 2020 to respond to Defendant's Motion, the court finds that the matter is appropriate for resolution without Plaintiff's response.

## II.     LEGAL STANDARD

IPR allows a party other than the patentee to bring an adversarial proceeding in the Patent and Trademark Office ("PTO") to establish that the patent claims are invalid under 35 U.S.C. §§ 102 or 103.  35 U.S.C. § 311.  After a party has filed a petition requesting IPR, the patent owner has three months to file a preliminary response opposing the request.  35 U.S.C. § 313; 37 C.F.R. § 42.107(b).  Within three months of the time set for the patent owner's response, the PTO will grant the IPR request if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  If the PTO grants review, a final determination must be issued "not later than 1 year" after the petition is

granted. 35 U.S.C. § 316(a)(11). The one-year period may be extended for good cause by not more than 6 months, although "[e]xtensions of the one-year period are anticipated to be rare." 77 Fed. Reg. at 48,695. The patent owner has an opportunity to add or amend claims during IPR. 35 U.S.C. § 318(b). After review concludes, the requester is estopped from asserting that a claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). A defendant is required to file a petition for IPR within one year of being served with the complaint. § 315(b).

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted). The party seeking a stay bears the burden of showing that a stay is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). District courts typically consider three factors when determining whether to grant a stay pending IPR of the patent in suit: (1) whether granting the stay will simplify the issues for trial; (2) the stage of litigation; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g.*, *Pleasurecraft Marine Engine Co. v. Indmar Prod. Co., Inc*, No. 8:14–cv–04507–MGL, 2015 WL 5437181, at *1 (D.S.C. Sept. 15, 2015); *Finjan, Inc. v. Symantec Corp.*, 139 F.Supp.3d 1032, 1035 (N.D. Cal. 2015).

## III.     ANALYSIS

A. <u>Simplification of the Case</u>

The first factor considers whether a stay would simplify the litigation. In some cases, an IPR challenging all asserted claims can "dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014). In other cases, an IPR may simplify the litigation by rendering infringement claims moot, estopping

the petitioner from asserting any arguments raised in IPR, and providing the court with the PTAB's expert opinion on the claims at issue. *Finjan*, 139 F. Supp. 3d at 1036.

Here, the court finds that IPR of the '294 Patent will be unlikely to simplify the issues in this case for trial. Given that the PTAB has not instituted IPR and Defendant's Petition for IPR concerns only one of the three patents at issue in this case, this factor weighs against granting a stay.

Some courts are willing to decide a motion to stay before the PTAB determines whether to institute review. *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-cv-410-SI, 2016 WL 3844209, at *4 (D. Or. July 15, 2016) (citing *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14–01153–VAP, 2015 WL 1809309 (C.D. Cal. Apr. 20, 2015) (granting a motion to stay before the PTO determined whether IPR would proceed); *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C–13–03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) (granting a stay pending the outcome of petitions for IPR); *Endotach LLC v. Cook Med. Inc.*, No. 1:13–cv–01135–LJM–DKL, 2014 WL 852831 (S.D. Ind. Mar. 5, 2014) (denying a stay before the PTO determined whether it would grant a petition for IPR without providing for reconsideration if IPR proceeded)).

Other courts deny a motion to stay as premature if the PTO has not yet granted a petition for review, but expressly permit the moving party to refile for a stay if the PTO later accepts review of relevant patent claims. *Id.* (citing *Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay."); *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12–cv–06441–JST, 2015 WL 66415, at *4 (N.D. Cal. Jan. 5, 2015) ("This Court has previously concluded that this sub-factor weighs against issuing a stay when the PTO has not yet decided

4

whether to grant IPR."); *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13–CV–0633 (DEP), 2014 WL 201965, at *6 (N.D.N.Y. Jan. 15, 2014); *Unwired Planet, LLC v. Square, Inc.*, No. 3:13–cv–00579–RCJ–WGC, 2014 WL 4966033, at *5–6 (D. Nev. Oct. 3, 2014); *Netlist Inc. v. Smart Storage Sys., Inc.*, No.:13–cv–5889–YGR, 2014 WL 4145412, at *3 (N.D. Cal. Aug. 21, 2014)).

The latter approach appears to be the majority approach. *Id.* (citing *Trover*, 2015 WL 1069179, at *5 ("Although ... some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review.")). The Federal Circuit "express[es] no opinion on which is the better practice" but observes that "[w]hile a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted." *VirtualAgility*, 759 F.3d at 1316.

This court finds the majority approach denying motions to stay without prejudice before the PTAB has granted IPR persuasive. Until the PTAB issues a decision on Defendant's IPR Petition, the court cannot say whether a stay will lead to the simplification of issues in this case. The PTAB could grant review of one, several, all, or none of the '294 Patent claims. If the PTAB denies IPR institution, it will not resolve any of the issues in this litigation concerning the '294 Patent or trigger the IPR estoppel provisions that may further streamline this litigation. As a result, the court is wary of delaying a case while the parties wait for a review that may never come. Therefore, the court finds that Defendant's Motion to Stay is premature.

Defendant's requested IPR would also generate meager simplification benefits in this case because it is only directed at one of the patents at issue in this action. Plaintiff claims that Defendant infringed the '093, '294, and '295 Patents but Defendant's IPR Petition only seeks a

finding of unpatentability for the '294 Patent. (ECF No. 83-1 at 6.) Thus, the requested IPR only has the potential to simplify litigation of one of the three patents at issue. In addition, this action will not even experience the full simplification benefits of IPR of the '294 Patent since the court already issued its claim construction order. (ECF No. 84.)

After considering all of the facts, the Court finds that this factor weighs against granting a stay. At this point in time, a stay would be unlikely to simplify the issues in this action for trial because it is unclear whether the PTAB will institute IPR and the requested IPR is only directed towards one of the three patents at issue in this case. Moreover, careful drafting of the scheduling order in this case can achieve efficiencies for both the court and the parties without a stay.

B. Stage of Litigation

This factor considers whether the litigation has progressed significantly enough for a stay to be disfavored. *Finjan*, 139 F. Supp. 3d. at 1035. The stage of the proceedings factor considers "whether discovery is complete and whether a trial has been set." *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1031 (C.D. Cal. 2013). "The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings." *Id.* "A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." *Finjan*, 139 F. Supp. 3d at 1035 (citing *Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007)). In contrast, a stay is not appropriate where the parties have fully briefed the issue of claim construction, attended a claim construction hearing, and received a claim construction order. *See, e.g.*, *DMF, Inc. v. AMP Plus, Inc.*, No. 2:18-cv-07090-CAS, 2019 WL 9077477, at *6 (C.D. Cal. Dec. 13, 2019) (denying a stay pending IPR where "the parties have fully briefed the issue of claim construction, attended a Markman hearing, and received a claim construction order"); *Universal Electronics*, 943 F. Supp.

2d at 1031-32 (denying a stay pending IPR because "Defendants could have filed its petitions and this motion before claim construction"); *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C 10–04645 RS, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012) (denying a stay, noting that discovery was well underway, but that "[m]ore importantly, the parties have fully briefed the issue of claim construction, attended a Markman hearing, and received a claim construction order"); *APP Pharm., LLC v. Ameridose LLC*, No. 10–4109 JAP, 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011) ("The Court having invested significant resources in becoming familiar with the patents, relevant art, the parties' drug products, claim construction and the like, it would be a waste of judicial resources to put off litigating the instant matter for the length of time necessary to conclude the reexamination process.").

At this point, both the parties and the Court have expended sufficient resources and time to render a stay untenable. Discovery is well underway. The parties have served interrogatories and document requests, responded to each other's requests and interrogatories, conducted depositions, and litigated a Motion to Compel. (ECF Nos. 58 at 5, 59, 59-1, 59-4, 59-8, 70-12, 72, 73-3, 79.) In fact, the parties should be close to completing fact discovery because fact discovery is supposed to close by January 15, 2021 under the Third Amended Scheduling Order. (ECF No. 81.) The parties have also engaged in global settlement discussions. (ECF No. 80 at 1.) But most importantly, the parties have fully briefed the issue of claim construction, attended a claim construction hearing, and received a claim construction order. (ECF Nos. 63, 66, 70, 73, 74, 76, 84.)

The court notes that Defendant waited to file its IPR Petition until the one-year statutory deadline. § 315(b). If Defendant wanted to pursue IPR and stay this case, it could have done so before Plaintiff and the court expended significant resources to conduct claim construction.

7

Defendant also could have notified the court of its decision to petition the PTAB for IPR before the court completed its claim construction order.  Although Defendant filed its Petition for IPR with the PTAB on October 30, 2020 and a Motion to Amend the Scheduling Order (ECF No. 80) with this court on November 19, 2020, Defendant waited until November 25, 2020 to notify the court of its Petition for IPR and intent to seek a stay.  (ECF No. 83.)

Defendant is severely mistaken that "due to the global COVID-19 pandemic (and its particular impact on civil trial dates), a stay may ultimately not have any meaningful impact on the trial schedule in this case."  (ECF No. 83-1 at 7 n.2.)  The undersigned has conducted one civil trial and one criminal trial since the COVID-19 pandemic began.  Given the success of those trials and the extensive protocols the courthouse has in place, the undersigned intends to proceed with all hearings and trials as scheduled.  As a result, this case will proceed to trial in September 2021 as contemplated by the Third Amended Scheduling Order unless the PTAB grants IPR and the court believes that a stay is merited at that time.  (ECF No. 81 at 3.)

Accordingly, the court concludes that the advanced stage of these proceedings weighs against a stay.

C. Undue Prejudice

The final factor considers whether a stay will unduly prejudice the non-moving party or present a clear tactical advantage to the moving party.  The court finds that this factor weighs in favor of denying a stay because Defendant unjustifiably delayed seeking reexamination and Plaintiff will be unduly prejudiced by the resulting delay from IPR.

"The Court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination." *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *3 (E.D. Tex. June 14, 2016) (citing *Trover*, 2015 WL 1069179, at *3).  "If a

defendant desires a stay, it should endeavor to minimize prejudice to a plaintiff, by diligently conducting a prior art search, and then drafting and filing an inter partes review petition if it desires to do so." *Signal IP, Inc. v. Ford Motor Co.*, No. 14-cv-13729, 2015 WL 5719671, at *6 (E.D. Mich. Sept. 30, 2015).

Here, Plaintiff will be prejudiced by a stay because it has a legitimate interest in the timely enforcement of its patent rights. *See Realtime*, 2016 WL 3277259, at *2. Assuming the PTAB institutes the requested IPR by May 2021, an IPR decision may not be issued until May 2022. § 316(a)(11). Further, because the May 2022 deadline could be extended by six months for good cause, a stay could delay this case until November 2022, which is well beyond the anticipated trial date of September 2021. *Id.* The delay could be further exacerbated if Defendant invokes its right to appeal the PTAB's decision to the Federal Circuit. 35 U.S.C. § 141(c). "Such a pace would not be appropriate for the prompt dispatch of judicial business." *Signal IP*, 2015 WL 5719671, at *6. Thus, this factor weighs against a stay.

### IV.     CONCLUSION

After carefully weighing the foregoing factors, the court **DENIES** Defendant's Motion to Stay Pending *Inter Partes* Review (ECF No. 83) **WITHOUT PREJUDICE** to re-filing upon a decision by the PTAB on Defendant's pending Petition for IPR of the '294 Patent.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 2, 2020
Columbia, South Carolina

9